STATE OF CONNECTICUT *v.* DONALD G. HARRINGTON, JR.

REVIEW DIVISION OF THE SUPERIOR COURT

Decided June 9, 1967

*George Gilman,* public defender, for the defendant.

*C. Robert Satti,* assistant state's attorney, for the state.

BY THE DIVISION. The defendant, eighteen years of age, pleaded guilty to one count of robbery with violence, in violation of § 53-14 of the General Statutes, which prescribes a penalty of imprisonment for not more than twenty-five years; to one count of breaking and entering with criminal intent, in

violation of § 53-76, which prescribes imprisonment for not more than four years; and to one count of larceny over $250 but less than $2000, in violation of § 53-63, as amended, which prescribes imprisonment for not more than five years or a fine of not more than $500 or both. The court imposed an effective sentence of not less than four years nor more than twelve years.

On May 5, 1966, the defendant decided to rob a package store in New London. He used a stocking for a mask and equipped himself with a gun and a tire iron. He entered the package store masked, with the gun drawn and carrying the tire iron. He ordered the sole occupant of the store, a fifty-eight year old man, to lie on the floor. The man did so, and the defendant struck him on the head repeatedly with the tire iron and when the victim tried to shield his head with his hands, the defendant struck his hand. The victim estimates he was hit at least fifteen times. As a result the victim was hospitalized. He required 250 stitches on his head, four fingers on his hand were fractured, and one finger had to be amputated. The defendant took between $30 and $50 from a cash register and fled. Thereafter, he threw the tire iron in the water at Ocean Beach in New London and buried the hat and mask. The defendant told a friend he thought he had killed a man.

In addition to the above offense, the defendant committed a breaking and entering and a larceny on April 22, 1966, in Groton. Despite his age of eighteen, the defendant had been in trouble with the law on about ten prior occasions, starting at age thirteen. The defendant explained the brutality of his attack on the helpless victim lying on the floor by saying that he wanted to make sure that the victim became unconscious so he would not be able to identify the defendant.

The sentencing judge said: "The court can't overlook the brutality involved in the offense of robbery with violence. The court can't overlook the many times that this accused has been in trouble, the fact that admittedly the accused has no fear of any institution. I am almost convinced that the accused in the absence of any other solution perhaps should be committed for the rest of his life, but our criminal statutes don't provide for that at this stage. Maybe they will at some future time."

The defendant committed a particularly atrocious crime, which almost resulted in the death of his victim, in which case the charge would have been murder in the first degree. In view of the nature of the crime and the defendant's prior record, society is entitled to at least the protection which is provided by the sentence imposed.

The sentence is fair and just and should stand.

PALMER, HEALEY and KLAU, Js., participated in this decision.